**20-3855**

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

---

### DEBBIE-ANN BROMFIELD-THOMPSON

Plaintiff-Appellant,

v.

### AMERICAN UNIVERSITY OF THE CARIBBEAN

### MANIPAL EDUCATION AMERICAS, LLC

Defendants-Appellees

---

On Appeal From The United States District Court
For The Southern District Of New York

---

Reply Brief Of Debbie-Ann Bromfield-Thompson

Debbie-Ann Bromfield Thompson, pro se
1405 Kennedy Street, N.W.
Washington, D.C. 20011
Telephone: 202-534-9164

## TABLE OF CONTENTS

Table of Contents……………………………………………………2

Table of Authorities…………………………………………………3

Statement of Issues Presented for Review……………………………5

Brief Procedural History………………………………………………4

Summary of Arguments…………………………………………..5

Argument……………………………………………………..6

Conclusion………………………………………………,,14

Certificate of Service……………………………………………15

Certificate of Compliance……………………………..Appendix  1

Table of Authorities

*Brandon Cleveland and Isiah Jackson*
*v. Caplaw Enterprises,* 443 F.3d 518 (2d Cir. 2006)……………………………..5

*City of Chicago v. Matchmaker Real Estate Sales Ctr.,*
*Inc.,* 982 F.2d 1086, 1097-98 (7th Cir. 1982)………………………………………..9

*Commercial Union Ins. Co. v. Alitalia Airlines, S.P.A.,*
347 F. 3d 448, 462 (2d Cir. 2003)……………………………………………………..4

*Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638, 644 (2d Cir. 1998)………..5

*Joe Fassano, et al. v. Peggy Yu Yu, et al.,* 921 F.3d 333 (2d Cir. 1999)……….5

*Leecan v. Lopes,* 893 F.2d 1434, 1439 (2d. Cir),
*cert denied,* 496 U.S. 929 (1990)……………………………………………………..11

*Lotes Co v. Hon Hal Precision, Indus.,* 753 F.3d 395, 413 (2d Cir. 2014)……..11

*Moates v. Bartley,* 147 F.3d 207, 209 (2d Cir. 1998)……………………………..11

*Tellabs v. Makor Issues & Roghts, Ltd.,* 551 U.S. 308, 313 (2007)…………….11

*Whitney v. Citibank, N.A.,* 782 F.2d 1106, 1115-6 (2d Cir. 1986)………………..5

## BRIEF PROCEDURAL HISTORY

On October 13th, 2020 the district court dismissed Appellant's (BROMFIELD-THOMPSON) disability discrimination lawsuit for lack of proper service. The lawsuit had been brought against American University of Antigua (AUA) and Manipal Education Americas, LLC (MEA) pursuant to the Rehabilitation Act and the American With Disabilities Act.  National Board of Medical Examiners (NBME) which was a named party was dismissed as per agreement of Bromfield-Thompson and NBME.

The district court grounded its dismissal on "lack of proper service." Although the parties had briefed jurisdictional issues, the district court declined to rule on these jurisdictional issues.

On February 25th, 2021 Bromfield-Thompson submitted her brief to this Court arguing that under principles of agency AUA was properly served with the complaint.  Bromfield-Thompson also argued that MEA  should not have been dismissed from the case because MEA either had  a "joint venture" or "independent contractor" relationship with AUA as evidenced by documents showing an independent contractor relationship between the two entities.

On May 28th, 2021 AUA/MEA filed their Opposition  arguing for affirmance of the district court's dismissal because (1) Bromfield-Thompson failed to

preserve the issue of agency in the district court and in any event dismissal for improper service was proper, and (2) the Court should also affirm on alternate grounds relating to jurisdiction which had been briefed but not decided by the district court.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW IN APPELLANT'S REPLY BRIEF

1.    Whether Appellant preserved the principal-agency issue in the district court.

2.    Whether the Court should affirm the district court on grounds other than the issue of improper service of process.

## SUMMARY OF THE ARGUMENTS

A.    **Contrary to AUA/MEA's argument the issue of principal/agency was preserved in the District Court.**

B.    **This Court should subject the dismissal of AUA from the lawsuit to de novo review.**

C.    **The District Court specifically noted that it was not addressing the jurisdictional issue briefed by the parties, and therefore it was not made the subject matter of the appeal and was not briefed by Bromfield-Thompson**

D.    **The Court should permit Bromfield-Thompson to file a supplemental brief if the Court decides to entertain AUA/MEA argument for a ruling in its favor on the jurisdictional issue that was not ruled on by the district court but briefed solely by AUA in its Opposition.**

ARGUMENT

A. **Contrary to AUA/MEA's Argument The Issue of Principal/Agency Was Preserved In The District Court**

Bromfield-Thompson did preserve the issue of AUA/MEA principal agency relationship in the district court with respect to the "large bold typeface" which was on the wall of the office at which the parties had been served.

> …This is consistent with plaintiff's assertions that MEA has been always listed as an agent for AUA located in New York City in email exchanges with AUA.

(SA-188). The motion went on to state:

> …By challenging service, AUA/MEA asks this court to disregard the true structure of its principal/agency relationship… Under defendant's scheme of reasoning neither AUA nor MEA can be served with a summons and complaint, despite their agency relationship and despite the fact that they maintain offices in New York City, within the same building, on the same floor, and within the same space. As previously stated, this argument is completely without merit.

(SA-188-189). The fact that AUA/MEA chose not to address this argument in the district court does not mean that it was not preserved for review.

At common law, "[a}gency is the fiduciary relationship that arises when one person (a principal manifests assent to another "'an agent') that the agent shall

Page 6 of 16

act on the principal's behalf and subject to the principal's control, and the agent

manifests assent or otherwise consents so to act." Restatement (Third) of

Agency, Section 1.01 (2006). Whether an agency relationship exists is a mixed

question of law and fact. *Commercial Union Ins. Co. v. Alitalia Airlines, S.P.A.,*

347 F.3d 448, 462 (2d Cir. 2003). In response to Bromfield-Thompson's

complaint alleging that AUA and MEA had an agency relationship (App. 44), AUA/

MEA presented their Service Agreement which states in relevant part,

"Relationship of the Parties. The parties to this Agreement are independent
contractors and neither party is an employee, agent, partner, or joint venturer of
the other." (SA-56).

Thus, any statement that the issue of agency was never preserved, whether

actual or apparent, is unworthy and lacking in candor. See *United States v.*

*Harrell,* 268 F.3d 141, 146 (2d Cir. 2001) (an issue is reviewable when it fairly

appears in the record as having been raised or decided). Concededly, Bromfield-

Thompson had not used the term "actual or apparent" authority in her motion.

However, any definition of agency necessarily means "actual" or "apparent"

authority." See *Whitney v. Citibank, N.A.,* 782 F.2d 1106, 1115-16 (2d Cir. 1986).

Accordingly, the issue has been preserved for appellate review. *Joe Fasano, et*

*al. v. Peggy Yu Yu, et al.,* 921 F.3d 333 (2d Cir. 2019).

**B.     This Court Should Subject The Dismissal of AUA From The Lawsuit To De Novo Review**

Dismissal for failure to state a claim from which relief may be granted is

accorded *de novo* review. *Brandon Cleveland and Isiah Jacksonv. Caplaw*

*Enterprises,* 443 F.3d 518 (2d Cir. 2006). As stated in Bromfield-Thompson's

brief, this standard is applied particularly strictly when the plaintiff complains of a

civil rights violation. *Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638, 644 (2d

Cir. 1998).

In the district court AUA/MEA minimized the scope of MEA's role, noting

"MEA does not make substantive, academic decisions regarding AUA's students,

and the FAC does not allege otherwise…[r]ather MEA handles administrative

matters for AUA, e.g., coordinating and managing the paperwork for AUA

students' clerkships at U.S. hospitals; processing tuition fees; and handling the

administrative aspects of admission and termination of AUA's U.S. based

students." SA-111. Schedule "A" which is attached to the Service Agreement

lays out a much broader role as to MEA to include providing admissions and

student services' for all AUA's programs; Acting as Registrar by maintaining

student records, scheduling  clinical rotations, setting the academic calendar;

coordinating and supervising all clinical programs within the United States by

selecting and monitoring teaching hospitals and physicians for clinical programs;

and providing the Clinical Chairmen to oversee AUA's clinical training programs,

as well as providing an Academic Provost. SA-58. In an unsworn declaration

Vernon Solomon attested that all of the clinical coordinators with whom

Bromfield-Thompson interacted were employees of MEA, not AUA. (SA-148).

He also claimed that Dr. James Rice who is based in Antigua, reviews and

assess student requests for accommodation, but he offers no first hand or

second hand knowledge whether Dr. Rice reviewed or evaluated Bromfield-

Thompson's multiple requests for accommodation. (SA-148). There was no

sworn or unsworn declaration from Dr. Rice himself. As to his representation that

the Appeals Committee in Antigua affirmed Bromfield-Thompson's dismissal

(SA-149), the record is bereft of any documentation to that effect. Bromfield-

Thompson's appeal was never addressed by either AUA or MEA. Mr. Solomon's

Declaration also fails to comply with 28 U.S.C. Section 1746. In the very first

paragraph he states "...I Vernon Solomon, declare under penalty of perjury under

the laws of the United States of America that the foregoing is true and

correct." (SA-147). Indeed, Mr. Solomon was swearing to the correctness of the

case caption, and not the substance of what followed in his purported

Declaration. (SA-147).

The attempt to tie Bromfield-Thompson to AUA's medical school in Antigua

is absurd. It bears repeating that Plaintiff was a transfer student from St.

Matthews University in Cayman Island and had never been to Antigua. She was

admitted into AUA solely to complete her clinical classes. All her interactions

were with AUA personnel in New York City beginning in 2010. All

correspondence between AUA and Bromfield-Thompson had the insignia:

"Manipal Education Americas, LLC ,agent for American University of Antigua

College of Medicine." Some of the correspondence noted that MEA and its

subsidiaries each reserve the right to monitor all email communications through

its networks" (App. 44). Bromfield-Thompson's retrospective review of her

interactions with AUA reveals that it was never clear when she was dealing with

AUA as opposed to MEA. AUA/MEA deliberately created this illusion and now

seeks to be rewarded by attempting to deny Bromfield-Thompson the redress

she seeks. Bromfield-Thompson had rare and isolated contacts with Dr. Rice:

once in 2010 when instruction was given to forward via facsimile copy of a report

to his office and a second time around 2015-2016 when asked to forward an

updated copy of a report to Dr. Rice (App. 42). She had never met nor spoken to

Dr. Rice and exchanged less than 3 emails with his office in a 6-year span. In

both instances it appeared that Dr. Rice's involvement was infinitestimal. At no

point over the years during difficulties with being granted accommodation was

there any interaction whatsoever with Dr. Rice. He made no inquiries about

Bromfield-Thompson's accommodation nor did he (or for that matter his office)

participate in setting up accommodation for exam taking. All decisions concerning

Bromfield-Thompson's accommodation occurred in the New York City office

where Bromfield-Thompson was led to believe that she was interacting with

AUA'/MEA.

If AUA's representation that it has no United States office are facially true, then it appears to be a shell corporation insofar as its activities in New York City and the United States are concerned. This apparently is why it anointed MEA its purported agent. Notwithstanding this fact, the school boasts on its website that it is approved by the New York State Board of Education and is authorized to offer federally guaranteed student loan (FASFA) by the United States Department of Education. This is an incredible feat for an educational institution which has no offices or agent in New York City, let alone the United States. These are un-rebutted averments in Bromfield-Thompson's complaint. (App. 41-42). If AUA/ MEA's argument is taken to its logical extreme it would be analogus to a United States doctor sending his X-rays to Mogadishu for readings. If something then goes wrong in the reading of the X'ray, the patient is then told to get on a flight to Mogadishu and seek redress in the court in that jurisdiction because the United States doctor cannot be sued in this country for 'misread' X-rays in Mogadishu. It does not make sense since the patient has no nexus whatsoever to the country of Mogadishu let alone a doctor there. Here Bromfield-Thompson has no nexus to the medical school in Antigua let alone to the country of Antigua.

And so AUA/MEA makes a rather circular argument: AUA cannot be sued

in the United States because it has no offices here, but MEA is not its agent even though MEA is listed on numerous correspondence delineating agency status. But to complete the circularity, AUA points to its Service Agreement with MEA (which lists NYC in its forum selection clause), as proof that MEA is an "independent contractor" effectively in control of AUA's clinical program in the United States. *City of Chicago v. Matchmaker Real Estate Sales Ctr., Inc.,* 982 F.2d 1086, 1097-98 (7th Cir. 1982) (contracting language establishing an "independent contractor" relationship insufficient to preclude finding of agency). Here, it appears that AUA/MEA are obfuscating their true relationship to gain litigation advantage. It bears repeating that AUA is approved by the New York State Board of Education and is authorized to dispense federally guaranteed student loans. This is unusual, given that AUA lacks any offices in New York City or for that matter anywhere in the United States. Additionally, AUA claims that MEA is not its agent.

Accordingly, given the scope of MEA's responsibilities and provable agency relationship with AUA, MEA ought not to have been dismissed from the lawsuit. MEA is either singularly responsible for the wrongful conduct against Bromfield-Thompson or jointly liable with AUA for such wrongful conduct. At this early stage of the litigation their roles are difficult to figure out with exactitude given that they have structured themselves in a manner to create illusion.

Page 12 of 16

The district court had declined to grant jurisdictional discovery.

**C.** **The District Court Specifically Noted That It Was Not Addressing The Jurisdictional Issue Relating To AUA, And Therefore The Issue Was Not Made The Subject Matter Of The Appeal And Was Not Briefed By Bromfield-Thompson**

AUA/MEA urges this Court to address the jurisdictional issue presented in the district court. The Court below had indicated "In particular, Bromfield-Thompson's claims against AUA are dismissed (without prejudice) pursuant to Rule 12(b)(5) for insufficient service of process…The Court need not, and does not, consider Defendants' other arguments for dismissal." (App. 28). Thus, the Court's decision rested solely on the issue of "improper service of process" with respect to AUA. Bromfield-Thompson did not address the jurisdictional issue in her brief and neither was her appeal based on this issue given that the dismissal was based on improper service and not on any of the parties jurisdictional arguments. According to AUA/MEA they saw fit to address the issue of jurisdiction because appellate jurisprudence dictates that an appellate court may rule on grounds not argued by the parties or dealt with by the district court so long as there exists support in the record. (Appellees' Opposition, p. 36 ). This enunciation of the black letter law is correct. *Lotes v. Co. v. Hon Hai Precision Indus.,* 753 F.3d 395, 413 (2d Cir. 2014).; *Tellabs v. Makor Issues & Roghts, Ltd.,* 551 U.S. 308, 313 (2007) (issues cursorily addressed by parties, but without

benefit of district court's consideration will not be addressed by court); *Leecan v. Lopes,* 893 F.2d 1434, 1439 (2d Cir.), *cert denied,* 496 U.S. 929 (1990).

Moreover, this court will not consider arguments not made in appellant's brief. *Moates v. Bartley,* 147 F.3d 207, 209 (2d. Cir. 1998); Federal Rules of Appellate Procedure 28(a) (court must be provided with clear statement of issues on appeal). Here, Bromfield-Thompson in deference to the Rules of Appellate Procedure did not brief the issue of jurisdiction in her brief as that was not the basis of the lower court's decision. AUA/MEA by briefing an issue which is within the exclusive province of this court (whether to affirm on other grounds) has created a situation in which Bromfield-Thompson is required to address an issue in her Reply, but not raised in her brief. Bromfield-Thompson takes the view that the jurisdictional issue inappropriately raised by AUA/MEA ought to be disregarded by this court.

**D. The Court Should Permit Bromfield-Thompson To File A Supplemental Brief If The Court Decides To Entertain AUA/MEA's Argument For A Ruling In Its Favor On The Jurisdictional Issue That Was Not Ruled On By The District Court But Briefed Solely By AUA In Its Opposition Brief.**

Bromfield-Thompson is poised to submit a supplemental brief should this court decide that briefing the jurisdictional issue will be necessary to its decision.

**D.    Conclusion:**

**Wherefore,** Bromfield-Thompson respectfully requests that this Honorable Court grant judgment in her favor and reverse the district court's dismissal of her

lawsuit and remand for continuation of the litigation.

Respectfully submitted,

/s/Debbie-Ann Bromfield-Thompson, *pro se*
1405 Kennedy Street, N.W.
Washington, D.C. 20011
Tel: 202-538-7338
email: debibromfield@ **hotmail.com**

## CERTIFICATE OF SERVICE

I Debbie-Ann Bromfield-Thompson, hereby certify under penalty of perjury,

that on June 18th, 2021 I served Appellant's Reply Brief in Bromfield-Thompson

v. AUA/MEA, LLC, Docket No. 20-3855 upon the following counsel of record:

Robb William Patry, Esq.,
Amina Hassan
Highes Hubbard & Reed LLP
1 Battery Plaza
New York, N.Y. 10004

Debbie-Ann Bromfield-Thompson

**Federal Rules of Appellate Procedure Form 6. Certificate of Compliance With Type-Volume Limit**

Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements

1. This document complies with [the type-volume limit of Fed. R. App. P. [*insert Rule citation; e.g., 32(a)(7)(B)*]] [the word limit of Fed. R. App. P. [*insert Rulecitation; e.g., 5(c)(1)*]] because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) [and [*insert applicable Rule citation, if any*]]:

   ☒ this document contains [*state the number of*] 2,965 words, **or**

   ☐ this brief uses a monospaced typeface and contains [*state the number of*] lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒ this document has been prepared in a proportionally spaced typeface using [*state name and version of word-processing program*] in [*state font size and name of type style*], **or**   Helvetica, Regular 14 point font (Mac Pages Word)

   ☐ this document has been prepared in a monospaced typeface using [*state name and version of word-processing program*] with [*state number of characters per inch and name of type style*].

   (s) _____

   Attorney for _____

   Dated: 6-15-21

Appendix 1

16